IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| SYMBRIA, INC., *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>JOHN R. CALLEN, *et al.,*<br><br>   *Defendants*. | Case No. 20-cv-04084<br><br>Hon. Mary M. Rowland |

**JOINT STATUS REPORT CONCERNING EXPEDITED DISCOVERY**

Plaintiffs Symbria, Inc. ("Symbria"), Symbria Rehab, Inc., Alliance Rehab of Connecticut, LLC, and Alliance Rehab HVA, L.L.C. (collectively, the "Plaintiffs") and Defendants John R. Callen, MedRehab Alliance Holdings, Inc., MedRehab Alliance, LLC, MedRehab Alliance Interstate, LLC, Illinois Ancillary Services Network, LLC, Pearl Health Care Services, Inc., MedRehab Therapy Associates of Illinois, LLC, Joint & Neuro Rehab Associates, LLC, MedRehab Alliance Wisconsin, LLC, United Methodist Homes & Services, Christos V. Dilmas and Chicago Rehabilitation Collective PLLC (collectively, the "Defendants") hereby submit a Joint Status Report Concerning Expedited Discovery in response to the Court's Order dated August 18, 2020. (Dkt. No. 37.) Counsel for the parties have conferred and propose the following:

**I. Expedited Discovery**

Plaintiffs' Position: Expedited discovery should be focused on facts relating to claims and defenses that are at issue in Plaintiffs' Motion for a Preliminary Injunction and not on matters that will be addressed only at later stages of the case such as at summary judgment or at trial.

Defendants' Position: Defendants believe that discovery should only proceed on the

limited issues concerning Plaintiffs' trade secret claims pending resolution of the state court declaratory judgment lawsuit and should proceed at normal non-expedited pace as suggested by Defendants in the Joint Status submissions. If the Court determines that expedited discovery is appropriate, Defendants agree that the limited scope set forth herein is more realistic than the discovery and time frame requested in Plaintiffs' Motion for Expedited Discovery.

### A. Rule 30(b)(6) depositions of the defendant entities and interrogatories.

The parties conferred about subjects for examination in Rule 30(b)(6) depositions of the ten defendant entities and possible ways to streamline Rule 30(b)(6) depositions of those Defendants. The parties have agreed that in lieu of Rule 30(b)(6) depositions, Plaintiffs will serve interrogatories to the defendant entities based on the topics for examination that Plaintiffs have provided to Defendants, and that the ten defendant entities will answer those interrogatories within fourteen (14) days of service. Defendants have objected to proposed 30(B)(6) topics #7 and #8 and have suggested an alternative manner to disclose highly sensitive information to Plaintiffs that would be acceptable to Defendants. Further, UMHS objected to topic #10 and identified the necessity to narrow the scope of the topics in the Draft Rule 30(b)(6) Notice as they relate to this Defendant, Plaintiff agreed, but has not yet provided the proposed topics for interrogatory to UMHS. The parties acknowledge that there may be some need for follow-up Rule 30(b)(6) depositions of the defendant entities on some of the topics but anticipate that those depositions will likely concern fewer topics than those set forth in the interrogatories. Plaintiffs reserve the right to seek full Rule 30(b)(6) depositions of the defendant entities in the event that they believe the interrogatory answers are insufficient.

Defendants' Position: Defendants anticipate the need for at least one 30(b)(6) deposition of Plaintiffs. Defendants are in the process of providing a topics list to Plaintiffs. Plaintiffs have

not yet provided 30(b)(6) topics to the parties not represented by Roetzel & Andress, LPA, and those Defendants reserve the right to object to Rule 30(b)(6) topics.

### B. Document requests

Plaintiffs' Position: Defendants agree to respond to Plaintiffs' document requests attached to Plaintiffs' Motion for Expedited Discovery within fourteen (14) days and to produce responsive documents not objected to ten (10) days later.

Plaintiffs will respond to Defendants' document requests within fourteen (14) days of service of document requests and to produce responsive documents not objected to ten (10) days later, or on the same schedule as Defendants if the Court orders a different schedule than that set forth in the previous paragraph. Plaintiffs reserve the right to object to Defendants' document requests, which have not been provided to Plaintiffs as of this time, and to request the use of search terms for searching for responsive documents consistent with the proportionality standard.

Plaintiffs and Defendants agree to confer as needed concerning search terms and a protocol to be used in responding to document requests for electronically stored information so as to meet the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1).

Plaintiffs agree to confer with counsel for Christos Dilmas concerning a protocol to be used in a forensic examination of Mr. Dilmas' personal electronic media pursuant to Plaintiffs' Request for Production Number 1.

Defendants' position: Based upon the discovery requests that have been attached to Plaintiffs' Motion for Expedited Discovery, it is anticipated that there will be objections to scope and time frame regarding the requests and there also will be the need to use agreed upon search terms to locate and produce discovery and ESI. Defendants propose the following procedure and time frame to accomplish the discovery requested in Plaintiffs' motion:

- Within seven (7) days of the entry of an order regarding this status report, the parties propound the discovery requests contemplated herein.

- Within fourteen (14) days of serving written discovery to each other, the parties provide objections to the discovery and request for search terms where needed.

- Within seven (7) days of responding to written discovery the parties meet and confer to develop agreed upon search terms, and meet and confer on objections.

- To the extent that objections cannot be resolved, parties should file prompt motions to compel but the parties proceed with the production of documents that are not objected to.

- Within seven (7) days of search terms being agreed upon, the parties shall provide search "hit numbers" to determine viability of search terms. If the hit numbers are "reasonable" parties should commence review for relevance and privilege and produce documents within sixty (60) days. To the extent that search terms produce extraordinarily large amount of documents, the parties should meet and confer and agree upon revised search terms and then commence review and production within sixty (60) days from the establishment of acceptable search terms parameters.

- In response to the Court's instruction that the Parties consider the existing schedule of counsel in setting forth a realistic expedited discovery schedule, Defendant, UMHS, advised the Parties that its attorneys will be engaged in a bench trial in Cook County, Illinois, beginning October 5, 2020. scheduled to proceed for at least fourteen (14) days. UMHS will make every effort to fully comply with the proposed written discovery schedule but recognizes that at this time the full breadth of documents that may be recovered as responsive to the search terms is unknown, and the time necessary to review and produce these documents cannot be fully accounted for presently. Counsel for UMHS and Plaintiff have conferred on this issue, and UMHS has requested that if necessary, additional time be granted regarding UMHS's compliance with written discovery in consideration thereof.

### C. Depositions

The Plaintiffs anticipate taking the depositions of the following individuals, who are all employed by a Defendant entity, pursuant to notice: (1) John Callen, (2) Christos Dilmas, (3) William Lowe, (4) Brad Miller, (5) Kathleen Rice, (6) Amanda Ambrose, and (7) Tammy Buckley.

The Defendants anticipate taking the depositions of the following entity and individuals employed by Plaintiffs pursuant to notice: (1) a Rule 30(b)(6) deposition of Symbria concerning

trade secrets issues, (2) Jill Krueger, (3) Linda Kolleng, (4) Mark Candiotti, (5) Leena Baldwell, (6) Shelly Ann Vickers, and (7) Courtney McGhee.

Plaintiffs' position is that a deposition may commence during the expedited discovery period pursuant to reasonable notice. Defendants' position is that no deposition shall commence until production of documents are completed by the parties.

Time spent by both sides deposing witnesses during expedited discovery on Plaintiffs' Motion for Preliminary Injunction shall count toward the seven-hour limitation on deposition time, and any second depositions after the preliminary injunction hearing of the same witnesses will not involve matters addressed in the first deposition of any witness. Without agreement of the parties or leave of Court, no witness shall be deposed for a total of more than seven hours total in the case.

### D. Required initial disclosures

The parties agree to make the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A) within fourteen days (14) days of entry of an order by the Court on this report.

### E. Non-party discovery

The parties may not seek discovery on an expedited basis from non-parties pursuant to Fed. R. Civ. P. 45. The parties reserve the right to seek discovery from non-parties on a non-expedited basis.

### F. Expert discovery

To the extent the parties intend to use expert testimony during the Preliminary Injunction hearing, experts, their opinions and the basis therefore should be disclosed thirty (30) days prior to the Preliminary Injunction hearing. The parties' reserve the right to disclose a rebuttal expert fifteen (15) days before the Preliminary Injunction hearing if they deem it necessary.

**II.    Plaintiffs' Motion for Preliminary Injunction**

    A.    Nature of hearing:

Plaintiffs' position: The Court should hold a live evidentiary hearing to hear witness testimony, beginning on January 11, 2021.

Defendants' Position: In light of holidays and previously scheduled travel the evidentiary hearing to begin January 25, 2021. Defendants further submit, due to COVID-19 National Emergency, that no evidentiary hearing be held, and the court instead rule based upon briefs and deposition testimony only.

    B.    Hearing length: 4 days; each side will have one-half of the hearing time to present its witnesses (including cross-examinations).

    C.    Plaintiffs' Position: There will be no opening statements or closing arguments.

           Defendants' Position: There will be opening statements and closing arguments.

    D.    Witnesses:

        1.    Each side can present up to six witnesses through live testimony, either via Zoom or other video conferencing means pursuant to the Court's Fifth Amended General Order 20-0012 dated July 10, 2020 In Re: Coronavirus COVID-19 Public Emergency, or live in the courtroom if the Court amends that order to permit such proceedings by that time.

        2.    Plaintiffs' position: The parties will exchange witness and exhibit lists seven (7) days before the hearing.

            Defendants' position: The parties will exchange witness and exhibit lists twenty-one (21) days before the hearing.

    3. Each side can present testimony of witnesses who do not testify live through deposition designations to the Court, regardless of whether the witness is available to testify live. Plaintiffs propose that if a witness has not been deposed during the expedited discovery period, a party can present witness testimony to the Court through a sworn declaration. Defendants object to this proposal.

    4. If a deposition is videotaped, the party may request that the Court watch the designated portions outside of hearing time, and/or submit the deposition transcripts.

E. Post-hearing briefs:

    1. Within fourteen (14) days after the completion of the preliminary injunction hearing, Plaintiffs will file an opening brief of no more than 40 pages;

    2. Plaintiffs' position: Fourteen (14) days thereafter, Defendants shall file any response brief(s) of no more than 40 pages if they submit one joint brief or no more than 60 pages collectively if they submit separate briefs; Defendants' Position: Defendants propose twenty-one (21) days to file any response brief(s).

    3. Seven (7) days thereafter, Plaintiffs shall file a reply brief limited to the greater of 20 pages, or one-half the number of total pages submitted by all Defendants.

    4. The parties will provide oral argument if the Court wishes.

DATED: August 31, 2020

                        Respectfully submitted,

| | |
|---|---|
| SYMBRIA, INC., SYMBRIA REHAB, INC., ALLIANCE REHAB OF CONNECTICUT, LLC, AND ALLIANCE REHAB HVA, L.L.C. | JOHN R. CALLEN, MEDREHAB ALLIANCE, LLC, MEDREHAB ALLIANCE INTERSTATE, LLC, ILLINOIS ANCILLARY SERVICES NETWORK, LLC, PEARL HEALTH CARE SERVICES, INC., MEDREHAB THERAPY ASSOCIATES OF ILLINOIS, LLC, JOINT & NEURO REHAB ASSOCIATES, LLC, AND MEDREHAB ALLIANCE WISCONSIN, LLC |
| By: One of Their Attorneys | |
| /s/ Matthew J. O'Hara<br>Matthew J. O'Hara (Ill. ARDC No. 6237795)<br>Daniel F. Lanciloti (Ill. ARDC No. 6225408)<br>Matthew D. Anderson (Ill. ARDC No. 6316734)<br>Freeborn & Peters LLP<br>311 S. Wacker Drive, Suite 3000<br>Chicago, Illinois 60606<br>(312) 360-6000<br>mohara@freeborn.com<br>dlanciloti@freeborn.com<br>mdanderson@freeborn.com | By: One of Their Attorneys<br><br>/s/ Marc Kallish<br>Michael J. Scotti (Ill. ARDC No. 6205868)<br>Marc Kallish (Ill. ARDC No. 6231021)<br>Roetzel & Andress, LPA<br>30 N. LaSalle Street, Suite 2800<br>Chicago, Illinois 60602<br>(312) 580-1200<br>mscotti@ralaw.com<br>mkallish@ralaw.com |
| UNITED METHODIST HOMES & SERVICES | CHICAGO REHABILITATION COLLECTIVE, PLLC and CHRISTOS V. DILMAS |
| By: One of Their Attorneys | By: One of Their Attorneys |
| /s/ Paige Manley Canepari<br>Kevin O'Hagan (Ill. ARDC No. 6211446)<br>Paige Manley Canepari (Ill. ARDC No. 6274052)<br>O'Hagan Meyer LLC<br>One E. Wacker Drive, Suite 3400<br>Chicago, Illinois 60601<br>(312) 422-6100<br>Kohagan@ohaganmeyer.com<br>pcanepari@ohaganmeyer.com | /s/ Thomas G. Griffin<br>Thomas G. Griffin (Ill. ARDC No. 6202401)<br>Matthew Casey (Ill. ARDC No. 6299254)<br>Walker Wilcox Matousek LLP<br>One N. Franklin Street, Suite 3200<br>Chicago, Illinois 60606<br>(312) 244-6700<br>tgriffin@walkerwilcox.com<br>mcasey@walkerwilcox.com |

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on August 31, 2020 he caused the foregoing *Joint Status Report Concerning Expedited Discovery* to be filed via ECF, which will serve it upon the following attorneys of record:

| | |
|---|---|
| *Counsel for John R. Callen, MedRehab Alliance, LLC, MedRehab Alliance Interstate, LLC, Illinois Ancillary Services Network, LLC, Pearl Health Care Services, Inc., MedRehab Therapy Associates of Illinois, LLC, Joint & Neuro Rehab Associates, LLC, MedRehab Alliance Holdings, Inc. and MedRehab Alliance Wisconsin, LLC:*<br><br>Michael Scotti III<br>Marc H. Kallish<br>Roetzel & Andress<br>30 N. LaSalle Street<br>Suite 2800<br>Chicago, IL 60602<br>mscotti@ralaw.com<br>mkallish@ralaw.com<br><br>*Counsel for Chicago Rehabilitation Collective PLLC and Christos V. Dilmas:*<br><br>Thomas G. Griffin<br>Matthew Casey<br>Walker Wilcox Matousek LLP<br>One North Franklin<br>Suite 3200<br>Chicago, IL 60606<br>tgriffin@walkerwilcox.com<br>mcasey@walkerwilcox.com | *Counsel for United Methodist Homes and Services:*<br><br>Paige M. Canepari<br>Kevin O'Hagan<br>O'Hagan Meyer<br>One E Wacker Dr.<br>Suite 3400<br>Chicago, IL 60601<br>pcanepari@ohaganmeyer.com<br>Kohagan@ohaganmeyer.com |

/s/ Matthew J. O'Hara