IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SYMBRIA, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:20-cv-04084 |
| | ) | |
| v. | ) | Judge Mary M. Rowland |
| | ) | |
| JOHN R. CALLEN, *et al.*, | ) | Judge M. David Weisman |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT REGARDING DEPOSITIONS AND PROPOSED DISCOVERY RELATED TO THE NEW COUNTS ADDED IN PLAINTIFFS' FOURTH AMENDED COMPLAINT, AND OTHER DISCOVERY ISSUES**

Pursuant to Judge Weisman's January 12, 2023 Minute Order (Dkt. 633), Plaintiffs and Defendants[1] (collectively with Plaintiffs, the "Parties") respectfully submit this joint status report regarding the deposition schedule, a brief description of the new counts in the Fourth Amended Complaint and proposed discovery related to the new counts added in Plaintiffs' Fourth Amended Complaint, and other discovery issues. In support, the Parties state as follows:

I. **Plaintiffs' Positions**

   A. **Deposition Schedule**

The Parties have been working diligently to finalize a deposition schedule, which is represented in the table below. All but six depositions are confirmed by the parties and witnesses. There are certain depositions that could potentially need to be delayed to later dates depending on the timing of the District Judge's ruling on Defendants' joint motion to reconsider the Court's ruling on alter-ego discovery—there are a handful of depositions where it is paramount for

---

[1] John R. Callen, United Methodist Homes and Services, Christos Dilmas, MedRehab Alliance Holdings, Inc., MedRehab Alliance, LLC, MedRehab Alliance Interstate, LLC, Illinois Ancillary Services Network, LLC, MedRehab Therapy Associates of Illinois, LLC, Joint & Neuro Rehab Associates, LLC, Pearl Health Care Services, Inc., Chicago Rehabilitation Collective PLLC, and Joint & Neuro Rehab Associates of Chicago, LLC.

1

Plaintiffs to have received and reviewed all discovery prior to taking those depositions. However, Plaintiffs intentionally scheduled those depositions to begin later in the schedule to hopefully avoid the need to reschedule, and understand the importance in avoiding rescheduling due to the number of schedules involved.[2]

There remain five depositions that have not yet been confirmed. Plaintiffs recently offered dates for Defendants to depose Symbria employee Mark Candiotti and former Symbria employee Kristin Candiotti in Erie, Pennsylvania in March and are awaiting counsel's confirmation that those dates work for their schedules. In the event that those dates are not amenable for defendants, Plaintiffs will work diligently to find alternative dates. Additionally, all parties understand that the corporate representative depositions of Symbria, MedRehab Alliance, and Chicago Rehab could not be confirmed without deposition notices with topics for examination so that the entities can identify representatives and coordinate with their schedules. Once notices are issued, the Parties will work together to find dates that work for those depositions.

However, the Parties are experiencing unexpected difficulty in scheduling the deposition of Kevin Lindsey. Plaintiffs noticed Mr. Lindsey's deposition on December 15, 2022 for January 26, 2023. On January 6, 2023, Mr. Ramos, counsel for Callen and the MedRehab Entities, advised that Mr. Lindsey could sit for his deposition six months later on June 27, 2023. Plaintiffs' counsel advised Mr. Ramos that this delay was unreasonable and repeatedly requested that Mr. Ramos provide Mr. Lindsey's availability sooner than that or otherwise explain the reason for the delay. Mr. Ramos did not explain the delay and, after much back and forth, provided a new date for Mr. Lindsey's deposition. This time, Mr. Ramos offered a date even further away—July 17, 2023.

---

[2] The earliest of those depositions is Dr. Rahul Sharma on April 21, 2023.

Plaintiffs' counsel asked Mr. Ramos to confirm that he tried to find a sooner date for Mr. Lindsey and was unable to do so, as it is unexplained that Mr. Lindsey would not be available for so long. On February 6, 2023, Mr. Ramos responded: "Mr. Lindsey communicated that he is not available until July. I don't really understand what else to tell you other than that." Since that time, Plaintiffs' counsel has called Mr. Ramos several times and emailed Mr. Ramos three times to ask for clarification on how Mr. Lindsey could be unavailable for five months. Mr. Ramos has not provided clarification, though he has now advised that he will ask Mr. Lindsey for another date, with the caveat that "he has already provided two dates to your office" and "there are no guarantees he is available."

Mr. Lindsey has been identified as a deponent for whom an associate may have the opportunity to depose. The two associates representing Plaintiffs are expecting and will be going on maternity leave in June 2023. Plaintiffs will continue to work with Mr. Ramos on a date and hope that he is able to get a date for Mr. Lindsey's deposition—which is local for Mr. Lindsey and all counsel—sometime within the next four months so that an associate may still take his deposition.

| *Symbria, et al v. Callen, et al* – Deposition Schedule | | | |
|---|---|---|---|
| **Witness** | **Location** | **Date** | **Notes** |
| Amanda Ambrose | Chicago, IL | 2/24 | Confirmed. |
| Jerry Hewitt | West Branch, MI | 2/28 | Confirmed. |
| Aaron Hagopian | Chicago, IL | 3/2 | Confirmed. |
| Mark Candiotti | Erie, PA | 3/14 | Not yet confirmed. Plaintiffs recently offered this date to Defendants. |
| Kristin Candiotti | Erie, PA | 3/15 | Not yet confirmed. Plaintiffs recently offered this date to Defendants. |
| Christine Irvine | Chicago, IL | 3/16 | Confirmed. |
| Pam Richmond | Toledo, OH | 3/23 | Confirmed. |
| Steve Wermuth | Cleveland, OH | 4/4 | Confirmed. |
| Amish Patel | Chicago, IL | 4/13 | Confirmed. |

| Hien Do | Chicago, IL | 4/19 | Confirmed. |
|---|---|---|---|
| Rahul Sharma | Chicago, IL | 4/21 | Confirmed. |
| Jill Krueger | Chicago, IL | 4/27 | Confirmed. |
| Larry Carlson | Voorhees, NJ | 5/2 | Confirmed. |
| Brad Miller | Chicago, IL | 5/9 | Confirmed |
| Symbria 30(b)(6) | Chicago, IL | 5/12 | Not yet confirmed as deposition topics have not been identified. |
| Kathy Rice | Chicago, IL | 5/16 | Confirmed. |
| Vic Arellano | Chicago, IL | 5/18 | Confirmed. |
| Saj Murtaza | Chicago, IL | 5/24 | Confirmed. |
| Paul Spence | Chicago, IL | 6/1 | Confirmed. |
| Christos Dilmas | Chicago, IL | 6/7 | Confirmed. |
| Tammy Buckley | Chicago, IL | 6/20 | Confirmed. |
| Jay Mandra | Ft. Myers, FL | 6/23 | Confirmed. |
| Chicago Rehab 30(b)(6) | Chicago, IL | 7/11 | Not yet confirmed as deposition topics have not been identified. |
| MedRehab Alliance 30(b)(6) | Chicago, IL | 7/13 | Not yet confirmed as deposition topics have not been identified. |
| Kevin Lindsey | Chicago, IL | 7/17 | Not yet confirmed. See above. |
| William Lowe | Chicago, IL | 7/20 | Confirmed. |
| John Callen | Chicago, IL | 7/27 | Confirmed. |

### B. The Fourth Amended Complaint

The Court asked the parties to briefly describe the new counts added to the Fourth Amended Complaint and the extent of discovery the parties wish to complete on those new counts.

The Fourth Amended Complaint added four new counts. Counts IX and XI are claims against Callen, the MedRehab Entities and UMHS for tortious interference with defendant Christos Dilmas's at-will employment contract and resignation contract with Symbria Rehab (Count IX) and tortious interference with former Symbria employee Christine Irvine's at-will employment contract with Symbria Rehab (Count XI). These amended claims for tortious interference are based on new legal theories of breach of contract not alleged in the Third Amended Complaint and that the Court did not previously address. Count XII is a claim against the MedRehab Entities and

4

UMHS for tortious interference with Callen's severance and general release agreement with Symbria, Symbria Rehab, Alliance Connecticut, and Alliance HVA. Count XIII is a claim against the MedRehab Entities and UMHS for aiding and abetting Callen's breach of fiduciary duty to Symbria Rehab.

Though the Fourth Amended Complaint raises new legal theories for relief in Counts IX, XI, XII and XII, those claims are based on the same set of facts as the Third Amended Complaint. Additionally, though Plaintiffs added additional, more specific allegations on their alter-ego theory, Plaintiffs raised alter-ego allegations in the Third Amended Complaint and alleged that the Defendants intentionally created an interlocking corporate structure. Therefore, no further written discovery is necessary because the facts remain the same. On the afternoon of February 10, 2023, Defendants advised that they wished to issue additional interrogatories and requests for production based on the new claims and the additional alter-ego allegations made in the Fourth Amended Complaint. The parties met and conferred about Defendants' request. Plaintiffs oppose any additional discovery. The Parties are both aware, and have been aware, of the universe of facts relevant to the new claims and there is no need to incur the burden of additional discovery.

    C. **Other Discovery Issues**

Plaintiffs do not have any other discovery issues to raise with the Court and do not anticipate further motion practice.

Defendants raise an issue regarding certain password-protected excel files and state that they anticipate motion practice on that issue. At the status hearing on January 12, 2023, Defendants advised the Court that they were unable to access the hidden content in excel spreadsheets produced by other defendants and identified by Plaintiffs as documents evidencing misappropriation of Plaintiffs' trade secrets. Plaintiffs have repeatedly explained to counsel for

5

Chicago Rehab that this hidden content is *easily viewable* by using ubiquitous e-discovery software and suggested that Chicago Rehab's counsel work with their IT staff, an e-discovery vendor, or Callen himself to address any remaining confusion. Following the status hearing, counsel met and conferred on the issue and counsel for Chicago Rehab requested that Plaintiffs produce their versions of these spreadsheets with the hidden content visible. As a result of that meet and confer, Plaintiffs provided Defendants with versions of the spreadsheets with the content unlocked and displayed within native excel files. Defendants now insist that Plaintiffs instead provide Defendants with the password for those excel files and argue that failure to do so has implications on the merits of Plaintiffs' claims.

Plaintiffs are unsure what possible motion practice could arise from this. There has never been a discovery request for the passwords to these documents, Plaintiffs have now given Defendants versions of the spreadsheets with the content unlocked, these excel spreadsheets represent just one of the sixty-six trade secrets that Plaintiffs contend Defendants misappropriated, and Defendants already raised this issue in their pending motion for sanctions before the District Court. At bottom, Defendants are raising a merits argument about Plaintiffs' misappropriation claim that should not result in further motion practice relating to discovery.

**II. Defendants' Positions**

    **A. Depositions Taken and Schedule for Anticipated Remaining Depositions.**

Prior to the stay of discovery to conduct the settlement conference, Plaintiffs had taken three third-party depositions[3] and one party-employee deposition.[4] After the discovery stay was lifted, Plaintiffs on December 15, 2022, emailed Defendants' counsel a list of sixteen additional

---

[3] Lions Gate CEO David Thompson taken on January 27, 2022, LECOM Health Vice President Jason Diley taken on May 5, 2022, and Norwood Life Society CEO Michael Toohey taken on May 12, 2022.

[4] MedRehab Alliance Vice President Robert B Watts, Jr. taken on May 25, 2022

fact witness depositions (two of which are for third-parties[5], and the remaining fourteen are for party owners, officers and employees) and an intention to request at least two party Rule 30(b)(6) depositions once the topics for those depositions are determined; bringing the total number of depositions to be taken by Plaintiffs to at least twenty-four (24) depositions. Plaintiffs' counsel also provided proposed dates for the depositions and Deposition Notices for the fact witness depositions.

On January 6, 2023, after conferring with all the various witnesses throughout the holiday season, Defendants provided Plaintiffs with available deposition dates for all fourteen of the Defendants' owners, officers and employees on Plaintiffs' fact witness list. Additionally, on January 6, 2023, Callen's counsel also issued amended Notices of Deposition with proposed dates for six (6) current and former Symbria employees. The Defendants also anticipate taking several third-party depositions, including two that already has been firmly scheduled,[6] and various of the Defendants intend to take separate 30(b)(6) depositions of the separate Plaintiff entities focused on specific topics designated by each Defendant. Finally, there is a potential for Defendants to deem additional witness depositions necessary, as a result of testimony elicited from currently identified witnesses or through Plaintiffs' discovery production, which remains ongoing at this time. But Defendants expect that the total number of depositions to be taken by Defendants collectively will be substantially less than the 24 depositions currently targeted by Plaintiffs.

---

[5] The first of these, the deposition of Plymouth Place CEO Jay Biere, was commenced on February 2, 2022. Plaintiff deposed Mr. Biere for approximately four and a half hours, but Mr. Biere had a hard stop at 3 pm, and the deposition was not completed. Plaintiffs intend to resume and complete Mr. Biere's deposition, and Defendants have reserved the right to pose cross-examine Mr. Biere to the extent deemed necessary.

[6] The deposition of Jerry Hewitt, a third party who is believed to be the actual creator of an excel information gathering form which Plaintiffs claim to own as a trade secret, scheduled for February 28, 2023, and the deposition of Steve Wermuth scheduled for April 4, 2023.

Many of the deposition dates initially proposed by both sides were rejected by the other side, but counsel for the parties have been working over the past month in an effort to resolve all those scheduling issues. The Parties have agreed upon dates for 15 of the 16 fact witnesses listed by Plaintiffs, and 4 of the 6 fact witnesses listed by the Callen Parties. A schedule of the depositions with the confirmed dates and the few still unconfirmed dates is attached hereto as Exhibit 1.

**B. Discovery Regarding New Counts in Fourth Amended Complaint from Defendants' Perspective.**

Plaintiffs' Fourth Amended Complaint ("FAC") includes a new section captioned "Defendants' Collective Operation as a Single Enterprise and Alter-Ego of Each Other" containing wholly new allegations advancing a single enterprise and/or alter-ego theory of liability. (*See* FAC, ¶¶ 184-193.) The four prior iterations of Plaintiffs' complaints did not contain either the term "single enterprise" or the term "alter-ego". In its April 7 2021 order, the District Court expressly held that "Plaintiffs have not alleged alter ego or de facto merger." [Dkt. 225]. For that reason, Defendants did not issue any written discovery directed to Plaintiffs' single enterprise/alter ego theory prior to the August 15, 2021 deadline for issuing written discovery in the August 3, 2021 Agreed Case Management Order. [Dkt. 318] The FAC also adds four new claims: Tortious Interference with Christos Dilmas' At-Will Employment Contract and Resignation Contract (Count IX); Tortious Interference with Christine Irvine's At-Will Employment Contract (Count XI); Tortious Interference with Callen's Severance Agreement (Count XII); and Aiding and Abetting Callen's Breach of Fiduciary Duty (Count XIII). The first two of these new claims are alleged against Callen and all eleven (11) entity Defendants. The other two new claims, which are based on allegations of interfering or aiding in Callen's purported violations, are brought against all eleven (11) entity Defendants. Because these claims did not exist at the time the parties

negotiated and the Court entered the Agreed Case Management Order, Defendants also did not issue any written discovery directed to these new claims prior to the August 15, 2021 deadline for issuing written discovery.

Defendants respectfully request leave to issue limited additional written discovery regarding Plaintiffs' new single/enterprise and alter-ego allegations and Plaintiffs' four new claims. In alleging these new theories and claims, Defendants engaged in "collective pleading" pursuant to which they lump together all of the Defendants without specifying which Defendant committed what wrongful act or when it purportedly occurred. This is critical information that Defendants need to defend against these new theories and claims. Furthermore, a number of the Defendant entities were not even formed until after the conduct alleged by Plaintiffs in support of those claims, such as Plaintiffs' allegations about how and when Callen, Irvine's and Dilmas purportedly began breaching their respective contracts and duties. For example, Irvine's employment ended on February 22, 2019 (*Id*., ¶ 101.), and her breach of her at will employment contract must have occurred prior to the termination of that employment. Many of the entity Defendants – including the two Joint & Neuro entities, MedRehab Therapy and Chicago Rehab – were not even formed by the date Irvine left Symbria's employment. Defendants are entitled to discovery regarding how these entities allegedly induced a breach that occurred before they came into existence. Defendants need discovery regarding how these entities induced breaches of at will contracts that were terminated before these entities even existed.

Defendants therefore propose that each of the Defendants' counsel be permitted to issue up to five additional document requests and up to five additional interrogatories directed solely to

9

Plaintiffs' single enterprise/alter-ego allegations and Plaintiffs' four new claims[7]. This additional written discovery will allow the respective Defendants to request needed information as to Plaintiffs' legal and factual basis for claiming that particular Defendant should be treated as a single enterprise or alter-ego of other Defendant(s), and the legal and factual basis for Plaintiffs' claims that such Defendant somehow induced or aided the breaches by Irvine, Dilmas and Callen as alleged in Plaintiffs' new counts (including specifics regarding which Defendant interfered or aided in the wrongful conduct and how, and the date of which this conduct occurred), as well as the particular damages Plaintiffs claim against each such Defendant with respect to each of these new theories and counts. This is basic information that Defendants need to defend against these newly alleged claims.

### C. Other Discovery Issues.

As the parties discussed with the Court during the January 12, 2023 status hearing, Plaintiffs have responded to certain discovery requests that require Plaintiffs to identify the trade secrets allegedly misappropriated by the various Defendants merely by referencing the bates-labels of certain native MS Excel documents produced in this action. Plaintiffs in their discovery answers contend that trade secret information is contained within "hidden content" within those MS Excel documents. However, that hidden content is password protected, and Plaintiffs have failed to comply with repeated requests from Defendants' counsel that Plaintiffs supply the password. Counsel for the parties have met and conferred on this issue as the Court directed in its January 12, 2023 Minute Order [Dct 633], but thus far have been unable to resolve the issue. During a meet and confer on this issue earlier this week, the Defendants inquired whether Plaintiffs even

---

[7] For clarity, each law firm representing defendants, Roetzel & Andress LPA, O'Hagan Meyer, LLC, Cozen O'Connor, and Walker Wilcox Matousek LLP, will only issue up to five additional document requests and up to five additional interrogatories, for a total of twenty interrogatories and twenty document requests.

have the password for these documents. If Plaintiffs do not, that wholly undermines Plaintiffs' positions (1) that Plaintiffs authored the hidden content in the MS Excel spreadsheets, and (2) that the hidden content contains any valuable trade secret information belonging to Plaintiffs.

Instead of either providing the password or conceding that Plaintiffs do not have the password, Plaintiffs on the evening of February 9, 2023 (the evening before this Joint Status Report was due to be filed) produced "unlocked" versions of various purportedly *similar* MS Excel spreadsheets that Plaintiffs contend demonstrate that Defendant MedRehab Alliance used Symbria trade secret information to prepare its own spreadsheets to gather information from prospective customers. Notably, these were *not* the MS Excel spreadsheets that Plaintiffs repeatedly have referenced to identify the trade secrets purportedly misappropriated by Defendants. Plaintiffs have never provided either passwords or unlocked versions for those MS Excel spreadsheets. Moreover, the versions of the purportedly similar MS Excel spreadsheets that Plaintiffs produced with the hidden content "unlocked" were altered by Plaintiffs' counsel in ways that changed the basic metadata of those documents. It appears that Plaintiffs' counsel used their litigation software to 'crack' the password protection and to generate new 'unlocked' versions of the spreadsheets with the same names, but with fundamental metadata about the date of creation and the author of the document completely altered. Chicago Rehab's counsel responded to Plaintiffs' production of these so-called "unlocked" (but instead apparently 'cracked') MS Excel spreadsheets by advising that this production did not moot or obviate the Defendants' demand for the password protecting the hidden content in the originally produced versions of the MS Excel spreadsheets Plaintiffs referenced to identify the misappropriated trade secrets. A copy of that email correspondence is attached hereto as Exhibit 2.

Plaintiffs' counsel did not respond to the email, but in this Report contends that Plaintiffs' production of "unlocked" purportedly similar MS Excel spreadsheets moots Defendants demands for the password. As set forth above and in Exhibit 2, it does not.

Defendants anticipate the need to file a motion to address this issue if Plaintiffs continue to refuse to supply the requested password, or alternatively concede that Plaintiffs do not even have the password.

Dated: February 10, 2023 Respectfully submitted,

/s/ Gia F. Colunga
Matthew J. O'Hara (6237795)
Terrence J. Sheahan (6257646)
Gia F. Colunga (6282679)
Katie D. Krysan (6323797)
Lillian Grappe Lamphere (6340044)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000
mohara@freeborn.com
tsheahan@freeborn.com
gcolunga@freeborn.com
kkrysan@freeborn.com
lgrappe@freeborn.com

Jason P. Stearns (Fla. Bar No. 059550)
201 North Franklin Street, Suite 3550
Tampa, Florida 33602
jstearns@freeborn.com

*Plaintiffs Symbria, Inc., Symbria Rehab, Inc., Alliance Rehab of Connecticut, LLC, Alliance Rehab HVA, L.L.C., GreatBanc Trust Company, in its capacity as Trustee of the Symbria, Inc. Employee Stock Ownership Trust, and the Symbria, Inc. Employee Stock Ownership Trust*

/s/ Marc H. Kallish
Michael J. Scotti, III (6205868)
Marc H. Kallish (6231021)
Gary L. Wills (6280052)
Joseph Ramos (6321350)
Roetzel & Andress, LPA
30 North LaSalle Street, Suite 2800
Chicago, Illinois 60602
312-580-1200
mscotti@ralaw.com
mkallish@ralaw.com
gwills@ralaw.com
jramos@ralaw.com

*Defendants John R. Callen, MedRehab Alliance Holdings, Inc., MedRehab Alliance, LLC, MedRehab Alliance Interstate, LLC, Illinois Ancillary Services Network, LLC, Pearl Health Care Services, Inc., MedRehab Therapy Associates Of Illinois, LLC, and Joint & Neuro Rehab Associates, LLC*

/s/ Paige M. Canepari
Kevin O'Hagan (6211446)
Paige Manley Canepari (6274052)
Sean G. Rohan (6310029)
O'Hagan Meyer LLC
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
(312) 422-6100
kohagan@ohaganmeyer.com
pcanepari@ohaganmeyer.com
srohan@ohaganmeyer.com

/s/ Brian J. Williams
Brian J Williams
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7927
bwilliams@cozen.com

*Defendant Christos Dilmas*

*Defendant United Methodist Homes and Services*


/s/   *Thomas G. Griffin*
Thomas G. Griffin (6202401)
Matthew W. Casey (6299254)
Walker Wilcox Matousek LLP
One North Franklin Street, Suite 3200
Chicago, Illinois 60606
(312) 244-6700
tgriffin@walkerwilcox.com
mcasey@walkerwilcox.com

*Defendant Chicago Rehabilitation Collective PLLC*